IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00393-PAB-KLM

TIMOTHY L. BLIXSETH, an individual,

    Plaintiff,

v.

CUSHMAN & WAKEFIELD OF COLORADO, INC., a Colorado corporation,
DEAN PAUWW, an individual and citizen of the State of Colorado,
CUSHMAN & WAKEFIELD, INC., a New York corporation,
CREDIT SUISSE AG, a Swiss corporation,
CREDIT SUISSE GROUP AG, a Swiss corporation,
CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company,
CREDIT SUISSE (USA), INC, a Delaware corporation,
CREDIT SUISSE HOLDINGS (USA) INC., a Delaware corporation,
CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type, and
DOES 1-100,

    Defendants.
_____

## ORDER
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants **Credit Suisse AG, Credit Suisse Securities (USA), LLC, Credit Suisse (USA), Inc., Credit Suisse Holdings, (USA) Inc., and Credit Suisse Cayman Island Branch's (collectively, "Credit Suisse") Motion to Extend Discovery Stay** [Docket No. 42; Filed August 14, 2012] (the "Motion to Extend Stay").  Plaintiff has filed a **Response in Opposition to Credit Suisse's Motion to Extend Discovery Stay** [Docket No. 44; Filed August 28, 2012] (the "Response").  No reply to the Motion to Extend Stay has been filed as of the date of this Order. Credit Suisse asks the Court to extend a stay of discovery in this case until after District Judge Brimmer

rules on the pending Motions to Dismiss [Docket No. 24, 28] (the "Motions to Dismiss"), both filed on May 15, 2012.  The Cushman and Wakefield Defendants do not oppose the Motion to Extend Stay.

In a previous Minute Order [#33] issued on June 4, 2012, the Court granted Credit Suisse's Motion to Stay Discovery [#31] based on the pending Motions to Dismiss.  Plaintiff did not oppose a two-month stay of discovery at that time.  The Court therefore stayed discovery until August 18, 2012, and stated that if the Motions to Dismiss remained pending at the expiration of the stay, the parties could request an extension of the stay.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411,

415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, the Court finds that extending the stay of discovery would not prejudice Plaintiff. The only prejudice argument raised by Plaintiff is that "memories fade and witnesses become unavailable." [#44 at 4].[1] Plaintiff contends in the Response that because some of the events in this case occurred as early as 2005, there is a strong

---

[1] As an example of a witness becoming unavailable, Plaintiff explained that an appraiser in the related Idaho Class Action passed away while discovery was stayed in that matter. Plaintiff, however, subsequently filed an Errata to his Response [#45] in which he corrected his prior assertion after learning that the appraiser died in 2008 before the Idaho Class Action commenced in January 2010.

likelihood that memories will begin to fade.  The flip side of that argument, however, as Credit Suisse contends, is that because events occurred seven years ago, it is unnecessary to accelerate discovery before potentially dispositive issues are decided.  The Court agrees and finds that extending the stay at this stage of the case will not cause prejudice to Plaintiff.

With regard to the second factor, the Court finds that Credit Suisse has demonstrated that proceeding with the discovery process presents a significant burden.  Plaintiff argues in the Response that discovery has begun in the Idaho Class Action, which pertains to the same events in question here.  He contends, therefore, that because similar discovery is ongoing in the other case, the burden on Credit Suisse is lessened.  While that may be true, Credit Suisse is correct that given the expected scope and expense of discovery in this case, proceeding with discovery will be wasteful if District Judge Brimmer grants the Motions to Dismiss [## 24, 28] in their entirety or grants them in part and substantially limits the issues.  Plaintiff's 85-page complaint alleges nine causes of action and, based on the allegations, the case will likely involve discovery of thousands of documents.  Under these circumstances, the Court finds that moving forward with discovery at this stage would impose an unwarranted burden on Credit Suisse.  The Court therefore finds that the second factor weighs in favor of extending the stay of discovery.

With regard to the third factor, it is certainly more convenient for the Court to extend the stay of discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").  Thus, the third factors weighs in favor of

extending the stay.

With regard to the fourth factor, Plaintiff identifies no nonparties with significant particularized interests in this case. Rather, Plaintiff argues that in light of the 2008 financial crisis, "nonparties and the public-at-large" would benefit from discovery of the facts involved in the alleged predatory loan at issue here. The Court finds that absent any specific nonparty interests that would be affected, the fourth factor neither weighs in favor of nor against extending the stay of discovery.

With regard to the fifth and final factor, the Court finds that the public's primary interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth factor weighs in favor of extending the stay of discovery.

Weighing the relevant factors, the Court concludes that extending the stay of discovery pending resolution of the Motions to Dismiss [## 24, 28] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Extend Stay [#42] is **GRANTED** and that all discovery is stayed pending resolution of the Motions to Dismiss [## 24, 28].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for September 18, 2012 at 9:30 a.m. is **VACATED** and will be reset, if appropriate, after a ruling on the Motions to Dismiss.

DATED: September 11, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge