IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00393-PAB-KLM

TIMOTHY L. BLIXSETH, an individual,

    Plaintiff,

v.

CREDIT SUISSE AG, a Swiss corporation,
CREDIT SUISSE GROUP AG, a Swiss corporation,
CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company,
CREDIT SUISSE (USA), INC., a Delaware corporation,
CREDIT SUISSE HOLDINGS (USA), INC., a Delaware corporation,
CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type, and
DOES 1-100,

    Defendants.

## ORDER

This matter is before the Court on a Request for Judicial Notice [Docket No. 58] and Second Request for Judicial Notice [Docket No. 59] filed by plaintiff Timothy L. Blixseth.

The background facts in this case have been stated at length in the Court's September 30, 2013 Order [Docket No. 61] and will not be restated here except to the extent necessary to resolve the instant motions. On February 14, 2012, plaintiff filed the present case, asserting claims against all defendants for (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; (2) common law fraud; (3) breach of fiduciary duty; (4) common law negligence and negligent misrepresentation; (5) tortious interference with contractual relations; (6)

breach of covenants of good faith and fair dealing under the Uniform Commercial Code and common law; (7) breach of contract; (8) equitable indemnity; and (9) common law conspiracy.  Docket No. 1 at 68-83.  On July 19, 2013, plaintiff filed the instant motions, asking the Court to take judicial notice of three court documents: a Summons and Notice filed by Allenby, LLC and Haygood, LLC against Credit Suisse in the Supreme Court of the State of New York [Docket No. 58-1], an Order Granting Motion to Dismiss Involuntary Case in *In re Blixseth, alleged debtor* in the United States Bankruptcy Court for the District of Nevada [Docket No. 58-2], and a complaint filed by plaintiff Claymore Holdings, LLC against Credit Suisse in the District Court of Dallas County, Texas [Docket No. 59-1].  On September 30, 2013, this Court issued an order dismissing plaintiff's first, second, third, fourth, sixth, seventh, eighth, and ninth claims, but granted plaintiff leave to amend his compliant with respect to his claim for breach of covenants of good faith and fair dealing.  Docket No. 61 at 29-30.  The Court also dismissed defendants Cushman & Wakefield, Inc., Cushman & Wakefield of Colorado, Inc. and Dean Pauww from the case.  *Id.*  On October 21, 2013, plaintiff filed a First Amended Complaint and Jury Demand asserting claims against the remaining defendants for tortious interference with contractual relations and breach of the covenants of good faith and fair dealing.  Docket No. 68 at 58, 62.

      Plaintiff's motions assert two primary arguments.  *See* Docket No. 58 at 2-4; Docket No. 59 at 2-3.  First, plaintiff argues that judicially noticing the three court documents supports his RICO claims.  However, plaintiff's RICO claims have been dismissed and his requests that the Court take judicial notice for this reason are therefore moot.  Second, plaintiff argues that judicially noticing the three court

documents supports the plausibility of the allegations in his original complaint. However, this Court has already ruled on a motion to dismiss plaintiff's original complaint and plaintiff has filed a First Amended Complaint and Jury Demand. *See* Docket No. 61; Docket No. 68.  Thus, because plaintiff's requests for judicial notice relate to the plausibility of the original complaint, such requests are directed toward an inoperative, superseded pleading.  *See*, *e.g.*, *Gilles v. United States,* 906 F.2d 1386, 1389 (10th Cir. 1990) ("[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . .") (internal quotation marks omitted)*.*  As such, plaintiff's motions requesting that the Court take judicial notice are moot.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Request for Judicial Notice [Docket No. 58] and Second Request for Judicial Notice [Docket No. 59] are **DENIED** as moot.

DATED January 30, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge