IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-393-PAB-KLM

TIMOTHY L. BLIXSETH, an individual,

Plaintiff,

v.

CREDIT SUISSE AG, a Swiss corporation;
CREDIT SUISSE GROUP AG, a Swiss corporation;
CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company;
CREDIT SUISSE (USA), INC, a Delaware corporation;
CREDIT SUISSE HOLDINGS (USA) INC., a Delaware corporation;
CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type;
DOES 1-100,

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The parties, by and through their undersigned counsel, stipulate and respectfully request that the Court enter the following Protective Order:

**1.     Categories of Confidential Information**

For the purpose of this Protective Order, there shall be two categories of Confidential Information:

(a)     CONFIDENTIAL. A document, inspection or results thereof, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as "Confidential" if, in the discretion of the producing or testifying entity, or party subject to inspection ("Producing Party"), it is (a) material which the producing party believes, in good faith, is subject to protection under Rule 26(c)(1), such as proprietary or financial information; (b) information subject to a legally protected right of privacy; (c) information as to which third parties have reserved the right, by contract or otherwise, to object to or resist

disclosure, (d) billing and fee-related information; (e) other information not generally a matter of public record, or information that a party or non-party would not normally reveal to third parties or would cause third parties to maintain in confidence, including research, development, commercial or personal information; and/or (f) information deemed confidential pursuant to the Uniform Standards of Professional Appraisal Practice (USPAP).

(b)     HIGHLY CONFIDENTIAL. In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to Confidential Information. A document, inspection or results thereof, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as "Highly Confidential" if, in the discretion of the Producing Party, it is material that the producing party reasonably believes contains or reflects trade secrets, know-how, customer information, financial and marketing information, strategy, planning and other highly sensitive commercial information, or information that should otherwise be subject to heightened confidential treatment because the Producing Party believes in good faith that disclosure of such Material except under the restrictions in this Order for "Highly Confidential" Material could negatively impact the Producing Party's ability to conduct its business or compete for business customers.

2.      **Designation of Information Produced**

(a)     Any answers, responses or documents deemed Confidential under Paragraph 1(a) by the Producing Party shall be marked or stamped by the Producing Party as "CONFIDENTIAL." Any non-documentary Confidential Information (e.g. deposition or inspection) may be designated "CONFIDENTIAL" through notice under paragraph 3 below.

(b)     Any answers, responses or documents deemed confidential under Paragraph 1(b) by the Producing Party shall be marked or stamped by the Producing Party as "HIGHLY CONFIDENTIAL." Any non-documentary Confidential Information (e.g. deposition or

inspection) may be designated "HIGHLY CONFIDENTIAL" through notice under paragraph 3 below.

(c) Stamping or marking material as set forth in Paragraphs 2(a) and 2(b) shall constitute certification by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

(d) If a Producing Party provides any Confidential Information pursuant to this litigation without designating and marking it as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the person or entity receiving the Confidential Information ("Receiving Party") of the confidential nature of the disclosed Confidential Information, and the Receiving Party shall treat the disclosed Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon receipt of written notice from the Producing Party. Disclosure of such Confidential Information to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Protective Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party shall take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Confidential Information, or notes or extracts thereof, in the possession of the persons not authorized under this Protective Order to possess such Confidential Information and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in this Protective Order.

3. **Depositions and Inspections**

(a) If Confidential Information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed with the Court, shall be filed as a restricted document consistent with this Protective Order and the requirements of D.C.COLO.LCivR 7.2.

(b) During any deposition or inspection, counsel for the Producing Party may request

that any portions of the deposition, deposition exhibits, inspection, or documents or information produced or generated at, or as a result of the inspection, also be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The room or area in which the deposition or inspection is being taken shall, at the request of the Producing Party, be closed in accordance with the restrictions of Paragraphs 4 and 5. The presence of persons not entitled to attend a deposition or inspection pursuant to this paragraph shall constitute justification for counsel to the Producing Party to advise or instruct the witness not to answer or to end the inspection.

    (c)    Upon receipt, all deposition transcripts and the exhibits thereto, as well as any information or material generated at, or as a result of an inspection ("Inspection Material") shall be treated initially as HIGHLY CONFIDENTIAL in their entirety until thirty (30) days after receipt of the transcript or production to the opposing party of the Inspection Material, unless the parties expressly agree otherwise. Within thirty (30) days after receipt of the transcript or Inspection Material, any party may designate portions of a deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The designation shall be accomplished by a letter to all other parties, third-party inspectors and/or the court reporter listing, in the case of a deposition, the pages, lines, and exhibits, and in the case of Inspection Material, the item or page constituting Confidential Information and the category of Confidential Information. If the Producing Party previously designated portions of testimony or Inspection Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL during the deposition or inspection, the Producing Party is not required to re-designate those portions of the transcript or Inspection Material during the thirty (30) day period unless the Producing Party wants to change the designation.

    (d)    The pages of the transcript designated as containing Confidential Information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting Confidential Information shall be appropriately noted on the front of the original deposition

transcript and identified with the appropriate category as set forth in Paragraphs 1(a) and 1(b). Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate and marked as set forth in Paragraphs 2(a) and 2(b). To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective Order is provided to the court reporter.

(e) Failure to designate testimony or Inspection Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL either at a deposition or inspection, or within thirty (30) days after receipt of the transcript or Inspection Material, shall not be deemed a waiver of the right to designate such testimony or Inspection Material as Confidential Information.

4. **"CONFIDENTIAL" Restrictions**

Confidential Information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a) The attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action;

(b) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel;

(c) Any court reporter or videographer employed in this litigation and acting in that capacity;

(d) Any lay witness testifying at a deposition or trial in this action; provided, however, that such individual executes the Undertaking attached hereto as Exhibit A;

(e) Independent experts, consultants, and advisors, not including parties or their officers or employees, retained by the Receiving Party or the Receiving Party's attorneys for purposes of assisting in this litigation or to testify at trial or any other proceeding in this action;

provided, however, that the Receiving Party complies with the procedures set out in Paragraph 6 and such expert, consultant or advisor executes the Undertaking attached hereto as Exhibit A;

(f) Named parties and current employees or officers of any named party to this action who are assisting counsel in the prosecution or defense of this action;

(g) The author of the document, the original source of the information, or recipient(s) expressly named by the author or original source in (1) the document or (2) a contemporaneously accompanying document (e.g., a cover letter);

(g) Counsel for any insurer of any defendant, including support staff of such counsel; and

(h) Individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, jury consulting, stenographic, and court reporting services.

5. **"HIGHLY CONFIDENTIAL" Restrictions**

Confidential Information designated as HIGHLY CONFIDENTIAL shall not be disclosed except by the prior written consent of the Producing Party or pursuant to a further order of this Court, to any person other than:

(a) The attorneys of record for the Receiving Party, the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action, and attorneys who are officers of or employed by the Receiving Party;

(b) Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel;

(c) Any court reporter or videographer employed in this litigation and acting in that capacity;

(d) Independent experts, consultants, and advisors, not including parties or their officers or employees, retained by the Receiving Party or the Receiving Party's attorneys for

purposes of assisting in this litigation; provided, however, that the Receiving Party complies with the procedures set out in Paragraph 6 and such expert or consultant executes the Undertaking attached hereto as Exhibit A;

(e) The author of the document, the original source of the information, or recipient(s) expressly named by the author or original source in (1) the document or (2) a contemporaneously accompanying document (e.g., a cover letter);

(f) Individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, jury consulting, stenographic, and court reporting services.

**6. Disclosure to Experts**

(a) Prior to disclosing any Confidential Information designated by a Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to outside experts, consultants and/or advisors referred to in paragraphs 4(e) and/or 5(d) above, counsel for the Receiving Party making such disclosure shall:

(i) provide a copy of this Protective Order to each such outside expert, consultant or advisor;

(ii) obtain from the outside expert, consultant or advisor a fully executed Undertaking in the form attached hereto as Exhibit A; and

(iii) identify each such outside expert, consultant or advisor to whom disclosure is proposed to be made by providing to the Producing Party's counsel, via overnight courier or same day hand delivery, same day facsimile or same day e-mail, a copy of each such expert's, consultant's or advisor's executed Undertaking (attached hereto as Exhibit A), along with a current resume for each such expert, consultant or advisor. The expert's, consultant's or advisor's resume must identify all employers and clients for whom the consultant or expert has worked in the last four (4) years, as well as any litigation matters in which the expert, consultant or advisor has testified, either by way of expert report, deposition, or testimony at a hearing or

trial, over the last four (4) years.

(b) Counsel for the Receiving Party making the disclosure shall not disclose materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any outside expert, consultant or advisor for a period of five (5) court days from the date on which it provides to producing counsel the items specified in paragraph 6(a) above. If within this five (5) court day period Producing Party's counsel does not object, in writing, to the proposed disclosure to the expert, consultant or advisor identified pursuant to paragraph 6(a)(iii) above, then counsel for the Receiving Party shall be permitted to disclose the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials to such identified expert, consultant or advisor. If, within this five (5) court day period, Producing Party's counsel objects in writing to the proposed disclosure to the expert, consultant or advisor identified pursuant to paragraph 6(a)(iii) above, then counsel for the Receiving Party shall not be permitted to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials to that expert, consultant or advisor, absent further order from the Court. The Producing Party then shall have the burden of making a motion for protective order pursuant to MJ Mix's discovery procedures with the Court within ten (10) court days of objecting to the outside expert, consultant or advisor prohibiting the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials to the independent expert, consultant or advisor to whom the producing counsel has objected. If the ten (10) court days elapse without the Producing Party seeking relief from the Court, the Confidential Information may be shared with the identified outside expert, consultant or advisor in accordance with the terms of this Protective Order.

7. **Submission to the Court**

The parties shall file "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" materials, including pleadings or other documents that quote from "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials, as restricted documents in accordance with this Protective Order and the requirements of D.C.COLO.LCivR 7.2. The party filing the Confidential Information

with the Court shall bear the burden of ensuring that it is filed as a restricted document. The party designating the subject material(s) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of filing the motion to restrict required by D.C.COLO.LCivR 7.2.(e) or such other rules or standards for maintaining restriction of access to filed materials as the Court may adopt. At the request of the filing party, the designating party may consent to the materials not being filed as restricted document(s). Confidential Information obtained pursuant to this Protective Order that is used in any court proceeding shall not lose its confidential status, and the parties shall take all steps reasonably necessary to protect the confidentiality of such information during its use.

8.  **Objection to Designation**

Any party may contest the designation of any document or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The Parties shall confer in good faith to resolve any such disagreements. If the dispute cannot be resolved, the Receiving Party may move for relief *pursuant to MJ Mix's discovery procedures*. This Court shall determine any unresolved disputes using the same standards as if the Producing Party had applied for a protective order under the Federal Rules of Civil Procedure and related law. Until the Court issues a ruling on the objection to designation, the Confidential Information shall be restricted pursuant to the designation made by the Producing Party and the provisions of Paragraphs 4 and/or 5 of this Protective Order, as the case may be.

9.  **Disclosure**

(a)  All persons receiving Confidential Information pursuant to this Protective Order are prohibited from disclosing such information and shall keep such information confidential as provided herein. This Protective Order shall remain in full force and effect indefinitely until modified, superseded or terminated by Order of the Court, which may be entered pursuant to agreement of the parties hereto.

(b)  If a Producing Party provides any material containing Confidential Information

during the course of this litigation without designating the material as set forth in Paragraph 2 above, the Producing Party shall promptly inform the Receiving Party in writing of the confidential nature of the material and specify the designation that should be applied to the material. The Receiving Party shall thereafter treat the disclosed material in accordance with this Protective Order to the extent that the Receiving Party has not already disclosed the material.

(c) If any Confidential Information is disclosed to any person not authorized to receive it under this Protective Order, then the disclosing person shall promptly identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant Producing Party and use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under the terms of this Protective Order.

10. **Attorney-Client Privileged Information.**

If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party or other person otherwise would be entitled. If a Producing Party or person states that privileged information was produced to another party, the Receiving Party shall return to the claiming party or person that material and all copies or reproductions thereof, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. The party returning such material may then move the Court for an order compelling production of the material [*pursuant to MJ Mix's discovery procedures*], but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the production.

**11. Limitation on Use and Survival**

(a) Any Confidential Information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any other litigation or any business, commercial, or competitive purpose whatsoever.

(b) All obligations and duties arising under this Protective Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Protective Order.

**12. Producing Party's Use**

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own Confidential Information to any person; or from consenting to the disclosure of its own Confidential Information by the Receiving Party. Such disclosure shall not affect any confidential designation made pursuant to the terms of this Protective Order.

**13. Independent Source**

This Protective Order does not prohibit the use or disclosure of confidential material lawfully obtained from an independent source even if such material is designated as Confidential Information under this Protective Order. Where such information is lawfully obtained from another source, the specific materials provided by the Producing Party shall be maintained as confidential. The restrictions on use and disclosure set forth in this Protective Order shall not apply to information that, prior to being obtained by the Receiving Party pursuant to this Protective Order, either is lawfully in the possession or knowledge of the Receiving Party or is demonstrably public knowledge. The restrictions, uses, and disclosures set forth in this Protective Order shall further not apply to information that, after being obtained by the Receiving Party pursuant to this Protective Order, becomes demonstrably public knowledge

other than by act or omission by the Receiving Party.

14. **Return**

At the conclusion of this action, all tangible Confidential Information, and all copies of Confidential Information or any derived summaries, memoranda, or other records, including electronically stored information, containing Confidential Information shall, at the Receiving Party's option, be destroyed or returned to counsel for the Producing Party within thirty (30) days of the conclusion of the action by court action or settlement; except that counsel for each party may retain one archival copy of each such document for reference in the event of a dispute over the use or dissemination of information designated as confidential, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product. Any retained materials shall continue to be subject to the restrictions set forth in Paragraphs 4 and/or 5 of this Protective Order, as the case may be, for as long as counsel for the Receiving Party shall retain the materials.

15. **Protection of Third Parties**

This Order shall apply to all parties, including all parties that may be brought into this case after execution of this Order. An entity that is not a party to this litigation may take advantage of the protections for Confidential Information provided by this Order, and such entity shall be entitled to all rights and benefits outlined hereunder.

Entered this _15_ day of ~~November~~ December 2014

BY THE COURT:

_____
United States Magistrate Judge

APPROVED

/s/ Michael J. Ferrigno
_____
Michael J. Ferrigno
Law Office of Michael J Ferrigno, PLLC
3152 S. Bown Way, Suite 3
Boise, ID 83706
Telephone: (208) 391-3969
*michael.ferrigno@ferrigno-law.com*

*Counsel for Timothy L. Blixseth*

David J. Lender
T. Ray Guy
Kevin F. Meade
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000


s/ Kathleen E. Craigmile
_____
Kathleen E. Craigmile
BENNINGTON JOHNSON
3500 Republic Plaza
370 17th Street
Denver, CO 80202
Telephone 303.629.5200
kec@benningtonjohnson.com

*Counsel for Credit Suisse Defendants*

**EXHIBIT A: UNDERTAKING**

I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment), am about to receive Confidential Information supplied by _____ (Party). I certify that I understand that such Confidential Information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER, in Civil Action No. 1:12-cv-393-PAB-KLM in the U.S. District Court for the District of Colorado. I further represent that I have been given a copy of and have read that PROTECTIVE ORDER, and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of Court.

_____      _____
Date                                                              Signature